IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, ) ) ) Plaintiff, ) ) v. ) ) DESTINY MEDICAL PROPERTIES, LLC ) and RAHIL KAZI, ) ) Defendants. ) ) | CIVIL ACTION NO. 5:12-cv-518 (MTT) |

## ORDER

Before the Court is the Plaintiff's Motion for Default Judgment. (Doc. 13). The Motion is **GRANTED**.

### I. FACTUAL BACKGROUND

On July 30, 2004, Defendant Destiny Medical Properties, LLC, executed and delivered to the Plaintiff a commercial promissory note in the original principal amount of $2,210,000.00. (Doc. 1 at 3; Doc 1-1). On August 1, 2006, Destiny Medical executed and delivered to the Plaintiff another commercial promissory note for $309,330.33. (Doc. 1 at 3; Doc. 1-2). The 2006 Note was renewed on November 27, 2006, for $309,330.33. (Doc. 1 at 3; Doc. 1-2). The 2006 Note was then modified through a modification of commercial promissory note and security agreement on April 6, 2007. (Doc. 1 at 3; Doc. 1-2). The 2006 Note was again renewed on August 21, 2007 through the execution of a commercial promissory note for $409,330.33. (Doc. 1 at 3; Doc. 1-2).

The terms of the 2004 and 2006 Notes required Destiny Medical to pay the Plaintiff regular payments when they became due.  Destiny Medical also agreed pay all finance changes, late charges, reasonable attorney's fees, and costs incurred by the Plaintiff for collection of any overdue amounts owed.  (Doc. 1 at 5).  Further, the 2004 Note was secured by a deed to secure debt, assignment of rents and security agreement from Destiny Medical to the Plaintiff on July 30, 2004,[1] and the 2006 Note was secured by a commercial deed to secure debt on August 21, 2007.[2]  (Doc. 1 at 4).  The security interests and loan documents were eventually assigned to the Federal Deposit Insurance Corporation in its capacity as receiver for Colonial Bank to BB&T conveying certain real property described in the security deed.[3]  (Doc. 1 at 2; Doc. 1-3).

Defendant Rahil Kazi executed and delivered an individual guarantee, guaranteeing full and prompt payment of Destiny Medical's existing debts, liability and other obligations to the bank on July 30, 2004.  (Doc. 1 at 5; Doc. 1-4).  Kazi executed additional guarantees on August 1 and November 27, 2006, and August 24, 2007.  (Doc. 1 at 5).  Under the guarantees, Kazi also guaranteed Destiny Medical's future debts, liabilities, and obligations and agreed to pay all costs if the bank had to enforce the guarantees, including reasonable attorney's fees.  (Doc. 1 at 5; Doc. 1-4).

Destiny Medical defaulted under the terms of the notes and the security deed by failing to pay BB&T the payments on time.  (Doc. 1 at 5).  Kazi, by virtue of his

---

[1] The deed was recorded on August 4, 2004, in the Superior Court of Bibb County, Georgia, in Deed Book 6297, Page 40.  (Doc. 1 at 4).

[2] The deed was recorded on September 17, 2007, in the Superior Court of Bibb County, Georgia, in Deed Book 7631, Page 80.  (Doc. 1 at 4).

[3] These assignments were recorded in the Superior Court of Bibb County, Georgia, in Deed Book 8192, Page 84, on November 2, 2009, and in the Superior Court of Bibb County, Georgia, in Deed Book 8671, Page 42, on February 2012.  (Doc. 1 at 4).

guarantee, is also responsible for the full amount of the debt owed and has breached the terms of his guarantee by failing to pay the debt owed to BB&T. (Doc. 1 at 5-6). After Destiny Medical's and Kazi's defaults, the Plaintiff declared the full amount of indebtedness, including principal and interest, immediately due and payable. The Plaintiff notified Destiny Medical and Kazi that it intended to foreclose on the property and enforce the provisions of the notes.[4] (Doc. 1 at 6; Doc. 4). Destiny Medical and Kazi failed to pay the principal and interest after the Plaintiff's notification of its intent to foreclose.

The Plaintiff offered the property for sale on February 7, 2012. The property was "knocked down and sold to BB&T, the highest bidder, for $1,695,000.00, which amount was equal to or greater than the fair market value of the property as of the date of sale." (Doc. 1 at 7). *See also* (Doc. 4-1). Because the property sale did not bring in a sufficient amount to pay off the secured debt, the Plaintiff reported the sale to the Bibb County Superior Court within the appropriate time frame to have the sale confirmed pursuant to Georgia statutes. (Doc. 1 at 11). On October 26, Bibb County Superior Court Judge Phillip Brown confirmed the foreclosure sale. (Doc. 1 at 7; Doc. 1-5).

## II. PROCEDURAL BACKGROUND

On December 27, 2012, the Plaintiff filed the present action to recover the remaining amount allegedly owed by Destiny Medical and Kazi. (Doc. 1). Destiny Medical was served on January 22, 2013 (Doc. 13-1); however, Destiny Medical has not filed an answer or any other responsive pleading. Kazi has answered the complaint

---

[4] The Plaintiff acted in accordance with O.C.G.A. § 44-14-162.2. Further, the Plaintiff also provided Destiny and Kazi the opportunity to pay the indebtedness within ten days of receipt of the notice pursuant to O.C.G.A. § 13-1-11.

(Doc. 10), but filed a suggestion of bankruptcy soon after (Doc. 11).  The Plaintiff applied for an entry of default and moved for default judgment against Destiny Medical on April 16.  (Docs. 12 and 13).  The Clerk entered default as to Destiny Medical the next day, and then the Plaintiff supplemented its motion for default judgment.  (Doc. 14).

### III.   DISCUSSION

#### A. Default Judgment

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend.  *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).  Entry of default judgment is committed to the discretion of the Court.  *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).  However, default judgment does not follow automatically from an entry of default.  The Court additionally "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007).  *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[5]  As to requests for damages, the Court may conduct evidentiary hearings, although "no such hearing is required where all essential evidence is already of record."  *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

---

[5] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

The Plaintiff's claim against Destiny Medical is for breach of promissory note. The alleged current indebtedness owed to the Plaintiff by Destiny Medical is $882,740.00. (Doc. 13 at 2). This amount consists of "principal owed under Notes 1 and 2 in the amount of $2,231,845.60; and interest in the amount of $273,056.50 and fees of $72,838.00, less amounts credited for the bid of BB&T at the foreclosure sale in the amount of $1,695,000.000." (Doc. 13 at 2). The Plaintiff also seeks attorney's fees and costs totaling $29,517.85. (Doc. 13 at 2). Thus, the Plaintiff requests the Court enter a default judgment in the sum amount of $912,257.95.

**B. Breach of Promissory Note**

The terms of the notes and security agreement provide that the documents have "been delivered in the state where the Lender is located and shall be construed in accordance with the laws of that state." (Doc. 1-1 at 21). Accordingly, because the Plaintiff is located in Georgia, Georgia law applies to the Plaintiff's breach of promissory note claim.

The Plaintiff, here, has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all the contract terms. *See* O.C.G.A. § 13-3-1; *Langsfeld v. Wynne*, 2009 WL 383395, *3 (N.D. Ga.). "Once a contract is show, the elements of a right to recover for the breach of said contract are (1) the breach and (2) 'the resultant damages to the party who has the right to complain about the contract being broken.'" *Langsfeld*, 2009 WL 383395, *3 (quoting *Graham Bros. Constr. Co. v. C.W. Matthews Contracting Co.*, 159 Ga. App. 546, 550, 284 S.E. 2d 282 (1981)).

The Court finds that the complaint sets forth all the required elements to establish Destiny Medical's liability for breach of contract with respect to the 2004 and 2006 Notes. Destiny Medical signed two promissory notes, one in 2006 and the other in 2006, in favor of the Plaintiff. Further, under the notes Destiny Medical promised to pay the Plaintiff regular payments "as and when they became due." (Doc. 1 at 7). The notes have not been fully satisfied despite demands of payment and lawful foreclosure on the property secured by the security deed. Further, Destiny Medical agreed to pay "all finance charges, late charges, and costs … including attorney fees, court costs, and other expenses" incurred by the Plaintiff if it had to collect overdue amounts owed by Destiny Medical. (Doc. 1 at 8). Accordingly, the Plaintiff's claim for breach of promissory note against Destiny Medical is legally sufficient and supported by the well-pleaded factual allegations.

Further, the Court finds that no hearing is needed because "the amount of damages is liquidated or can be reduced to a sum certain." *Langsfeld*, 2009 WL 383395, *3. The complaint sets forth: Prior to the foreclosure sale on February 7, 2012, the indebtedness owed by Destiny Medical was $2,577,740.10, which consisted of principal owed under the 2004 and 2006 Notes in the amount of $2,231,845.60, interest in the amount of $273,056.50 and fees in the amount of $72,838.00. After giving credit in the amount of $1,695,000.00 for the proceeds from the foreclosure sale, the remaining amount owed by Destiny Medical to the Plaintiff is $882,740.10. (Doc. 1; Doc. 13-3 at 2-4). Destiny Medical is further required by the terms of the promissory notes to pay the Plaintiff's reasonable attorney's fees and costs and expenses of collecting the amounts owed. Moreover, Destiny Medical owes the Plaintiff reasonable

attorney's fees in the amount of $22,364.17, plus costs and expenses in the amount of $7,153.88. (Doc. 1; Doc. 13-2 at 2-3).   Thus, the total "sum certain" amount owed by Destiny Medical to the Plaintiff is $912,257.95.

Accordingly, the Court **GRANTS** the Plaintiff's Motion for Default Judgment, and it is **ORDERED** that judgment be entered in favor of the Plaintiff and against Destiny Medical Properties, LLC, in the amount of $912,257.95.

**SO ORDERED**, this 22nd day of May, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
